```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

**UNITED STATES OF AMERICA**                              **CRIMINAL ACTION**

**VERSUS**                                                **NO. 16-05**

**ALFRED DENNISON**                                       **SECTION: "B" (2)**

## ORDER AND REASONS

Before the Court are Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Rec. Doc. 200), the Government's Opposition (Rec. Doc. 203), and Petitioner's Response to the Government's Opposition (Rec. Doc. 205). For the reasons discussed below, **IT IS ORDERED** that the motion is **DENIED**.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On January 3, 2016, Petitioner was arrested by Homeland Security Investigations. *See* Rec. Doc. 1. On January 14, 2016, a federal grand jury returned an indictment charging Petitioner, along with four others, with offenses related to conspiracy to import cocaine into the United States. *See* Rec. Doc. 41. In April 2017, Petitioner pled guilty, pursuant to a plea agreement, to one count of conspiracy to import five kilograms or more of cocaine in violation of 21 U.S.C. § 963. *See* Rec. Doc. 155. On July 19, 2017, Petitioner was sentenced to 80 months of incarceration and four years of supervised release. *See* Rec. Doc. 196.

On June 11, 2018, Petitioner filed the instant motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C.

§ 2255. He alleges the sentence was imposed in violation of due process and ineffectiveness of his counsel. *See* Rec. Doc. 200. Specifically, he seeks benefit of a two-point safety valve reduction. *Id.* On July 11, 2018, Respondents filed an opposition to Petitioner's motion. *See* Rec. Doc. 203. Petitioner then filed a response to that opposition on August 13, 2018. *See* Rec. Doc. 205.

**LAW AND ANALYSIS**

   **A. 28 U.S.C. § 2255**

Pursuant to 28 U.S.C. § 2255 a prisoner may collaterally attack his or her sentence post-conviction and move the court to vacate, set aside or correct the sentence. A prisoner may move for relief under four instances: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

28 U.S.C. § 2255 further provides that the court shall grant a prompt hearing if the court finds that the sentence imposed was not authorized by law or would otherwise be open to collateral attack. In that case, the court must vacate the judgment, resentence the prisoner, or correct the sentence if appropriate. 28 U.S.C. § 2255(b). However, when the motion, files, and records

of the case conclusively show that the prisoner is entitled to no relief, the Court may deny a 28 U.S.C. § 2255 motion without an evidentiary hearing. *U.S. v. Auten*, 632 F.2d 478 (5th Cir. 1980).

The Fifth Circuit has held that a federal habeas court is not required to hold an evidentiary hearing. *See Semien v. United States*, 746 Fed. App'x 303, 308 (5th Cir. 2018) (citing *McDonald v. Johnson*, 139 F.3d 1056, 1060 (5th Cir. 1998)). Thus, in order to obtain a federal evidentiary hearing, "the burden is on the petitioner to allege facts which, if proved, would entitle him to relief." *Semien*, 746 Fed. App'x at 308 (quoting *Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir. 1989)). In the instant case, Petitioner argues that his attorney failed to argue for the two-point safety valve reduction at the sentencing hearing and during the preparation of the pre-sentence report and as such was an ineffective counsel. *See* Rec. Doc. 200 at 15.

**B. Ineffective Assistance of Counsel**

When analyzing claims concerning ineffective assistance of counsel, courts refer to the Supreme Court's decision in *Strickland v. Washington,* 466 U.S. 668 (1984). In *Strickland*, the court set forth a two-prong test for determining ineffective assistance of counsel claims. A petitioner seeking relief must show both that counsel's performance was deficient and that the deficient performance prejudiced his defense. *See Strickland* 466 U.S. at 697. Petitioner bears the burden of proof and must prove by a

preponderance of evidence that his counsel was ineffective. *See Rector v. Johnson*, 120 F.3d 551, 563 (5th Cir. 1997); *Clark v. Johnson*, 227 F.3d 273, 284 (5th Cir. 2000). A court is not required to address both prongs of the test if the court finds that the petitioner has not sufficiently proven one of the two prongs. *See Strickland*, 466 U.S. at 697. In other words, a court may dispose of the claim without addressing the other prong.

To prove deficient performance, the petitioner must show that defense counsel's representation "fell below an objective standard of reasonableness." *See United States v. Bolton*, 908 F.3d 75, 99 (5th Cir. 2018) (quoting *Strickland*, 466 U.S. at 688). The Fifth Circuit has repeatedly held that courts apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Halprin v. Davis*, 911 F.3d 247, 258 (5th Cir. 2018); *Lucio v. Davis*, 751 Fed. App'x 484, 491 (5th Cir. 2018); *Crockett v. McCotter*, 796 F.2d 787, 791 (5th Cir. 1986). The petitioner must overcome this presumption as the courts take into account the reasonableness of counsel's conduct under all of the circumstances. *See Strickland*, 466 U.S. at 689; *Lucio*, 751 Fed. App'x at 491.

To show prejudice, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *United States v. Avila-Gonzales*, 2018 U.S. App. LEXIS 35950 *3-4

(5th Cir. Dec. 20, 2018) (citing *Strickland*, 466 U.S. at 694). Therefore, the petitioner must be able to demonstrate that the outcome would have been different. *See id*. "The likelihood of a different result must be substantial, not just conceivable." *Mejia v. Davis*, 906 F.3d 307, 320 (5th Cir. 2018) (quoting *Harrington v. Richter*, 562 U.S. 86, 112 (2011)).

Here, Petitioner argues that his trial counsel was deficient for failure to argue for a two-point safety valve and that such failure denied him of the benefit of the safety valve. *See* Rec. Doc. 200. However, the record shows that Petitioner did receive the safety-valve reduction. Under 18 U.S.C. § 3553(f), courts may depart below a statutory minimum for sentencing purposes. In order to qualify for the safety valve, a defendant must meet specific criteria: (1) the defendant does not have more than 1 criminal history point; (2) the defendant did not use violence or credible threats of violence or possess a dangerous weapon in connection with the offense; (3) the offense did not result in death or serious bodily injury; (4) the defendant was not the leader or organizer of others in the offense; and (5) before the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense. U.S.S.G. § 5C1.2. The safety valve provision allows the court to impose the guideline sentence instead of a mandatory

minimum sentence if the defendant meets the above requirements. *See United States v. Brenes*, 250 F.3d 290, 293 (5th Cir. 2001).

In the present case, Petitioner's assertion that he was denied safety valve treatment is contradicted by the record. The record shows that the Court did in fact use the safety valve application in sentencing defendant below the statutory minimum. Multiple times throughout the sentencing hearing, the Court stated that Petitioner was safety valve eligible. *See* Rec. Doc. 203-1 at 4, 12, 14. "It takes you in a situation when you look at the statutory penalty, which I mentioned earlier, without the safety valve, it's a minimum mandatory sentence that you would be facing 120 months, or ten years in jail. Because you're eligible for safety valve and . . . there's some mitigation here . . . there would be a basis then to consider a safety valve application." *Id*.

In addition, the Court adopted the pre-sentencing report of the U.S. Probation Office as its own. *See* Rec. Doc. 203-1 at 3. The report noted that while the offense would require a minimum sentence of ten years, the Petitioner met the criteria for safety valve treatment and the Court should impose a sentence without regard to any statutory minimum sentence. *See* Rec. Doc. 203. Neither Petitioner nor counsel objected to the report before or during the hearing. The Court held, "Because I will apply the safety valve here, he is not going to get . . . the statutory

minimum sentence of 120 months. . . ." Rec. Doc. 203-1 at 14. The Court then sentenced Petitioner to 80 months of imprisonment. *Id*.

Therefore, it is clear from the record that Petitioner did in fact receive safety valve treatment. Thus, Petitioner's argument that counsel was ineffective is without merit because he cannot prove that counsel's performance was deficient or that but for counsel's errors, the result of the proceeding would have been different, as Petitioner already received the result he is now seeking. His argument for further reduction is meritless and would not have led this Court to change the outcome at sentencing any further.

Furthermore, even if Petitioner did not receive the two point reduction from the base offense level, that claim lacks merit. Under Fifth Circuit law, claims of misapplications of the Sentencing Guidelines are not cognizable in a §2255 motion. *See, e.g., U.S. v. Licon*, 736 Fed. App'x 515, 516 (5th Cir. 2018); *United States v. Guerrero*, 691 Fed. App'x 179, 179 (5th Cir. 2017); *United States v. Bailey*, 265 Fed. App'x 426, 427 (5th Cir. 2008). Movant again fails to show deficient performance and prejudice.

The clear factual record and applicable law obviate any need for an evidentiary hearing.

New Orleans, Louisiana, this 9th day of April, 2019.

_____
SENIOR UNITED STATES DISTRICT JUDGE